UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUAN C CALDERON,

          Plaintiff,

    v.

PEREZ BROTHERS, et al.,

          Defendants.

Case No. 25-cv-10561-JSC

**ORDER OF TRANSFER**

Plaintiff, a California prisoner proceeding without attorney representation, filed this civil rights action under 42 U.S.C. § 1983. He complains about events occurring at Mule Creek State Prison, where Defendants are also located. (*See* ECF No. 1 at 2 ¶¶ 4-6; *see also* ECF No. 5 at 4-6 (alleging the facts underlying his claims).)

When, as here, jurisdiction is not founded on diversity, venue is proper in the district in which (1) any defendant resides, if all of the defendants reside in the same state, (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). When a case is filed in the wrong venue, the district court has the discretion either to dismiss the case or transfer it to the proper federal court "in the interest of justice." 28 U.S.C. § 1406(a).

Mule Creek State Prison, where the events underlying his claims took place and where Defendants are located, is in Amador County, which lies within the venue of the United States District Court for the Eastern District of California. *See* 28 U.S.C. § 84(b). Venue is not proper in the Northern District of California because the Defendants are not located within the venue of this district, the events or omissions giving rise to Plaintiff's claims did not occur in this district, and

the action does not concern property located in this district.  *See* 28 U.S.C. §§ 1391(b)(1), (b)(2).  Moreover, there is a district in which the action may be brought, *see id.* at § 1391(b)(3), namely the Eastern District of California because Defendants are located there and the events underlying his claims took place there.  *See id.* at §§ 1391(b)(1), (b)(2).  Accordingly, Plaintiff's request for this Court to "take jurisdiction and venue" (ECF No. 1) is DENIED, and pursuant to 28 U.S.C. § 1406(a), this case is TRANSFERRED to the United States District Court for the Eastern District of California.

The Clerk of the Court shall transfer this matter forthwith.  In light of this transfer, the Court defers to the Eastern District for ruling on Plaintiff's pending motions (ECF Nos. 6, 7, 9.)

The Clerk shall terminate docket numbers 1, 6, 7, and 9 from this Court's docket.

**IT IS SO ORDERED.**

Dated: February 26, 2026

_____
JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

2