UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS CALDERON, | No.  2:26-cv-0631 CSK P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| PEREZ BROTHERS, et al., | |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

For the reasons stated below, the Court recommends that plaintiff's motion to proceed in forma pauperis be denied pursuant to 28 U.S.C. § 1915(g).  It is also recommended that plaintiff be ordered to pay the filing fee in full prior to proceeding any further with this action

I.  THREE STRIKES RULE

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit demonstrating that the person is unable to pay such fees.  However, 28 U.S.C. § 1915(g) states:

In no event shall a prisoner bring a civil action or appeal a judgment

1

> in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id. "It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (brackets added) (citation omitted). "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008). Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017). Section 1915(g) requires that this Court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

An inmate who accrues three strikes is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that plaintiff was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to

§ 1915(g).").  "[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022).

II.  PLAINTIFF'S PRIOR STRIKES

Court records reveal that on October 24, 2024, plaintiff was declared a three-strikes litigant in Calderon v. Covello, 2:24-cv-1309 DJC CKD P (E.D. Cal. Oct. 24, 2024).  In that case, the court determined that the following actions previously filed by plaintiff while he was incarcerated constituted strikes:

1.  Calderon v. Bonta, 2:23-cv-0212 KJM EFB P, dismissed March 26, 2024.

2.  Calderon v. Bonta, 2:23-cv-1065 DJC DMC P, dismissed February 15, 2024.

3.  Calderon v. Covello, 2:23-cv-1974 DJC DB P, dismissed April 1, 2024.

Calderon v. Covello, 2:24-cv-1309 DJC CKD P (ECF No. 7 at 2 (Sept. 4, 2024 findings and recommendations)) (E.D. Cal.).  Judgment is final in all three cases.

The Court takes judicial notice of the three lawsuits set forth above as well as the findings of the court in Calderon v. Covello, 2:24-cv-1309 DJC CKD P.[1]  Each prior case was dismissed well before the instant action was opened on December 10, 2025, and commenced by the filing of plaintiff's complaint on February 5, 2026, and none of the strikes have been overturned.  Thus, the Court finds that plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

III.  IMMINENT DANGER

In his complaint,[2] plaintiff alleges that he was subjected to violent attacks in 2024 while he was housed at Mule Creek State Prison.  (ECF No. 5 at 4-5.)  Plaintiff alleges he was labeled with various names that put him in danger.  (Id. at 4.)  He also claims there was a conspiratorial plot to murder him.  (Id. at 8.)  However, plaintiff confirms he arrived at R.J. Donovan on August

---

[1]  A court may take judicial notice of court records.  See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

[2]  Plaintiff also appends copies of "new" civil actions he will file "soon."  (ECF No. 5 at 9-30.)

20, 2025. (ECF No. 5 at 10.) Thus, plaintiff fails to demonstrate he was faced with "imminent danger of serious physical injury" when this action was opened on December 10, 2025, or when he filed his complaint on February 5, 2026, based on alleged incidents that took place at Mule Creek State Prison in 2024.[3]

Absent facts showing plaintiff was under such imminent danger, plaintiff is not entitled to an exception to the three strikes bar.

IV.  PLAINTIFF'S OTHER MOTIONS

Because plaintiff must pay the court's filing fee in full before he may proceed in this action, plaintiff's other motions are denied without prejudice to renewal once the filing fee is paid in full.  (ECF Nos. 7, 9.)

V.    CONCLUSION

The Court finds that plaintiff failed to meet his burden under 28 U.S.C. § 1915(g). Therefore, it is recommended that plaintiff's application to proceed in forma pauperis be denied, and plaintiff must submit the appropriate filing fee in order to proceed with this action.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case.

Further, IT IS RECOMMENDED that:

1.  Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 6) be denied.

2.  Plaintiff's motions (ECF Nos. 7, 9) be denied without prejudice.

3.  Plaintiff be ordered to pay the filing fee in full prior to proceeding any further with this action in light of his status as a three-strikes litigant within the meaning of 28 U.S.C. § 1915(g).  Such payment must be made within twenty-one days from the date of any order adopting these findings and recommendations.  Plaintiff's failure to comply with such order will result in a recommendation that this action be dismissed.

---

[3] In an abundance of caution, this Court reviewed plaintiff's motion referencing "imminent danger." (ECF No. 9.)  This motion does not clearly identify a threat of imminent danger present at the time plaintiff filed this action, again describing various incidents in 2024 at Mule Creek State Prison, and also including an allegation about the use of chemicals in the food, water, clothes, mattresses and air system (id. at 7).

4

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 9, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/cald0631.1915